**In the Matter of the Application for Reinstatement of William A. PETERS, an Attorney at Law of the State of Minnesota.**

No. C7–82–467.

Supreme Court of Minnesota.

Jan. 12, 1987.

ORDER

WHEREAS, on March 25, 1983, this court did indefinitely suspend William A. Peters from the practice of law but authorized him to apply for reinstatement upon compliance with certain conditions, and

WHEREAS, on the 12th day of May, 1986, a panel of the Lawyers Professional Responsibility Board recommended that he be reinstated to the practice of law subject to certain conditions, and

WHEREAS, William A. Peters and the Director of the Lawyers Professional Responsibility Board have entered into a stipulation with respect to the conditions of reinstatement, and

WHEREAS, William A. Peters has successfully completed written examinations required by the State Board of Law Examiners on the subject of professional responsibility and is current in his continuing legal education requirements,

NOW, THEREFORE, upon all of the files and records herein, including the aforesaid stipulation,

IT IS ORDERED that William A. Peters immediately be reinstated to the practice of law subject to:

1.  Three years of unsupervised probation.

2.  Three-year restriction against solo practice concurrent with the three-year probation.

A.  The restriction against William A. Peters engaging in solo practice shall mean that he shall engage in the practice of law only as follows:

1.  As an employee, partner, or shareholder of a lawyers' legal partnership or professional corporation;

2.  As an employee of a governmental entity or a legal department of a business;

3.  As an independent contractor but only if:

a.  William A. Peters does not hold himself out as a solo practitioner, and

b.  Either:

(1) William A. Peters is hired by another attorney to perform legal work on behalf of that attorney's client; or

(2) Any undertaking on behalf of a client is pursuant to a written retainer signed by the client and by another lawyer who assumes joint responsibility for the representation and maintains direct supervisory authority of William A. Peters to see that he performs all legal services in a competent and ethically proper manner.